

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00287-CR
_____

VICTOR HUYNH LE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1653872D, Honorable Robert P. Brotherton, Presiding

March 3, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Victor Huynh Le, appeals his conviction for sexual assault[1] and sentence to eleven years confinement.[2]  Appellant's brief was originally due January 3, 2023, but was not filed.  We later granted Appellant's appointed counsel an extension to February 21, 2023, to file a brief.  That day, Appellant's counsel filed a second motion for

_____

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(1).

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalizations efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

extension requesting until February 27 to file a brief due to a personal matter. Appellant's counsel has not filed a brief with this Court to date.

We, therefore, deny Appellant's motion for extension as moot, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1) whether Appellant still desires to prosecute the appeal;

(2) whether Appellant is indigent;

(3) why a timely appellate brief has not been filed on behalf of Appellant;

(4) whether Appellant's counsel has abandoned the appeal;

(5) whether Appellant has been denied the effective assistance of counsel;

(6) whether new counsel should be appointed; and

(7) if appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April __, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should counsel file a brief on or before March 17, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

2

It is so ordered.

Per Curiam

Do not publish.